IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Twin City Fire Insurance Company**,

*Plaintiff,*

-*vs*-

**Society for Human Resource Management**,

*Defendant,*

Civil Action No. _____

---------------------------------------------------------------------------------------------------------------------------------------------------

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Twin City Fire Insurance Company ("Twin City"), by counsel, brings this action for declaratory judgment against Defendant Society for Human Resource Management ("SHRM") pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201-2202, and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, to resolve an actual controversy between Twin City and SHRM concerning employment practices liability insurance coverage under Private Choice Premier Non Profit Policy No. KM 0326786 (the "Policy"), which Twin City issued to SHRM.

2.      Twin City seeks a judicial declaration that it is not obligated to indemnify SHRM for a $10,000,000 punitive damages award entered in *Rehab Mohamed v. Society for Human Resource Management*, No. 1:22-cv-01625-GPG-KAS (D. Colo.) (the "Underlying Action"), based on a jury verdict finding that SHRM engaged in intentional race discrimination and retaliation in violation of 42 U.S.C. § 1981.

3.      The Policy does not cover the punitive damages award against SHRM. Under the Policy, Virginia law governs the question of insurability of punitive damages. By statute, Virginia law expressly prohibits the insuring of punitive damages awarded for intentional acts. Virginia Code § 38.2-227. Twin City is therefore entitled to the requested declaratory judgment.

PARTIES

4.      Plaintiff Twin City is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Hartford, Connecticut. Twin City is therefore a citizen of the States of Indiana and Connecticut.

5.      Defendant SHRM is a nonprofit corporation incorporated under the laws of the State of Ohio, with its principal offices located at 1800 Duke Street, Alexandria, Virginia 22314, which is within this judicial district. SHRM is therefore a citizen of the State of Ohio and the Commonwealth of Virginia.

JURISDICTION AND VENUE

6.      This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because SHRM resides in this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim—including the issuance and delivery of the Policy to SHRM in Virginia—occurred in this District.

8.      An actual, justiciable controversy exists between Twin City and SHRM, within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, regarding the parties' respective rights and obligations under the Policy. The controversy is definite and concrete, and ripe for adjudication.

9.      Assignment to the Alexandria Division of the Eastern District of Virginia is proper, pursuant to Eastern District of Virginia Local Rule 3, because SHRM's offices are located within the geographic boundaries of the Alexandria Division and the Policy was delivered to SHRM at its address located within the Alexandria Division.

## FACTUAL BACKGROUND

A.    **The Policy**

10.    Twin City issued the Policy, Private Choice Premier Non Profit Policy No. KM 0326786, to SHRM for the policy period of January 1, 2020 to January 1, 2021. A true and correct copy of the Policy is attached as Exhibit A.

11.    The Policy is a claims-made and reported policy and includes an Employment Practices Liability ("EPL") Coverage Part with a Combined Aggregate Limit of Liability of $10,000,000, subject to a Retention of $75,000 per Claim.

12.    The EPL Coverage Part provides that Twin City "shall pay Loss on behalf of the Insureds resulting from an Employment Practices Claim first made against the Insureds during the Policy Period . . . for an Employment Practices Wrongful Act by the Insureds."

13.    As amended by Endorsement No. 23, the Policy's definition of "Damages" enumerates categories of covered amounts and includes "punitive and exemplary damages" unless "uninsurable pursuant to any applicable law."

14.    The same definition further specifies that "with respect to punitive and exemplary damages, … the insurability of such damages shall be governed by the laws of the Commonwealth of Virginia for risks located in Virginia."

15.    Virginia law does not to allow a party to purchase "insurance providing coverage for punitive damages" arising out of the death or injury of any person as the result of "intentional acts." *See* Va. Code § 38.2-227 ("It is not against the public policy of the Commonwealth for any person to purchase insurance providing coverage for punitive damages arising out of the death or injury of any person as the result of negligence, including willful and wanton negligence, but *excluding intentional acts*") (emphasis added).

16.     SHRM is a risk located in Virginia, as reflected on the face of the Policy. The Policy was issued to SHRM at its corporate address in Alexandria, Virginia. The Policy was procured through a Virginia broker, identified Virginia as the insured risk location, and included Virginia amendatory endorsements for the EPL coverage provisions and other coverage parts.

B.     **The Underlying Action**

17.     On June 30, 2022, Rehab ("Ruby") Mohamed filed the Underlying Action against SHRM in the United States District Court for the District of Colorado, asserting claims for race and color discrimination and retaliation under 42 U.S.C. § 1981. A true and correct copy of Mohamed's Complaint is attached as Exhibit B.

18.     Ms. Mohamed's Complaint alleged that SHRM violated 42 U.S.C. § 1981 by subjecting her to race-based discrimination and to retaliation for complaining of discrimination, leading to her termination on September 1, 2020. Ms. Mohamed did not allege "disparate impact" or any other non-intentional violation—her only legal theory was intentional discrimination in violation of 42 U.S.C. § 1981.

19.     Section § 1981 guarantees all persons the same right to make and enforce contracts as is enjoyed by white citizens. To prevail under 42 U.S.C. § 1981, a plaintiff must prove intentional, purposeful race discrimination: that, but for race, plaintiff would not have suffered the loss of a legally protected right.

20.     Section § 1981a, entitled "Damages in cases of intentional discrimination in employment," allows a claimant to recover compensatory and punitive damages "against a respondent who engaged in unlawful intentional discrimination."

21.     Ms. Mohamed's claims were tried to a verdict entered on December 5, 2025. A true and correct copy of the public version of the final Verdict Form is attached as Exhibit C.

22.     The jury found that, but for Ms. Mohamed's race, SHRM would not have terminated her in violation of 42 U.S.C. § 1981, and that, but for her complaints about race discrimination and/or retaliation, SHRM would not have terminated her in violation of § 1981.

23.     Based on these findings, the jury awarded Ms. Mohamed $1,500,000 in compensatory damages and another $10,000,000 in punitive damages. Because liability under 42 U.S.C. § 1981, and damages awarded under § 1981a, expressly require a finding of intentional discrimination (not merely a disparate impact), the jury necessarily based its award on SHRM's intentional conduct.

24.     Moreover, as set forth in Jury Instruction No. 23, referenced by number in the verdict form (see Exhibit C), the jury could award punitive damages _only_ after finding that SHRM "_intentionally_ discriminated or retaliated against Ms. Mohamed" _and_ acted "with malice or with reckless indifference" to her right to be free from intentional discrimination and retaliation. A true and correct copy of the jury instructions, including Instruction No. 23, is attached as Exhibit D.

25.     The punitive damages award was not, therefore, the result of negligence, gross negligence or any other non-intentional conduct causing a mere "disparate impact" as reflected in the jury instructions and final verdict form.  The jury awarded punitive damages based solely on its determination that SHRM's conduct was intentional.

C.      **The Actual Controversy**

26.     By letter dated February 15, 2021, Twin City acknowledged coverage of, and agreed to defend SHRM in, the Underlying Action under the EPL Coverage Part subject to a reservation of rights, including with respect to the Policy's definition of "Damages."

27.     By supplemental letter dated October 21, 2025, in advance of trial, Twin City advised SHRM that "coverage of punitive damages with respect to the Insureds' intentional conduct is excluded in its entirety" under Virginia Code § 38.2-227.

28.     By letter dated February 11, 2026, SHRM's coverage counsel requested that Twin City withdraw its reservation of rights to deny coverage for the punitive damages award.

29.     By letter dated March 27, 2026, Twin City declined to withdraw its reservation and reaffirmed its position that the punitive damages award is not covered.

30.     SHRM has appealed from the judgment in the Underlying Action. The parties have been unable to reach agreement regarding responsibility for funding the punitive damages award, should it be affirmed on appeal. The coverage dispute therefore affects the parties' present conduct and requires immediate resolution.

31.     An actual, present, and justiciable controversy therefore exists between the parties regarding whether the Policy affords coverage for, or imposes any obligation upon Twin City to indemnify SHRM for, the punitive damages award entered in the Underlying Action.

## COUNT I

### Declaratory Judgment — No Duty to Indemnify SHRM for Punitive Damages Award

32.     Twin City incorporates by reference all previous allegations asserted above.

33.     Pursuant to the express terms of the Policy, the insurability of the punitive damages award against SHRM is governed by the laws of the Commonwealth of Virginia.

34.     Virginia Code § 38.2-227 provides: "It is not against the public policy of the Commonwealth for any person to purchase insurance providing coverage for punitive damages arising out of the death or injury of any person as the result of negligence, including willful and wanton negligence, but excluding intentional acts."

35.     As such, Virginia law permits coverage for punitive damages only where the punitive award arose from conduct that is negligent, including willful and wanton negligence. Virginia prohibits coverage for punitive damages where such damages arose from intentional acts.

36.    The jury in the Underlying Action awarded $10,000,000 against SHRM for intentional race-based discrimination and retaliation, as reflected in the Verdict Form and Instruction No. 23 and as expressly required under Section 1981 and 1981a.

37.    Because the punitive damages award against SHRM was imposed solely for intentional race-based discrimination and retaliation, and not for negligence, willful or wanton negligence or any non-intentional theory (such as disparate impact), the award is not insurable under Virginia law and does not constitute covered Damages under the Policy.

38.    Consequently, Twin City is entitled to a declaration that it has no obligation under the Policy to indemnify SHRM for the $10,000,000 punitive damages award entered in the Underlying Action.

### PRAYER FOR RELIEF

WHEREFORE, Twin City Fire Insurance Company respectfully requests that this Court:

A.    Declare that the Policy does not cover the $10,000,000 punitive damages award entered against SHRM in the Underlying Action because Virginia law precludes insurance coverage for punitive damages awarded for intentional conduct;

B.    Declare that Twin City has no obligation under the Policy to indemnify, reimburse, contribute toward, or otherwise fund the punitive damages award entered against SHRM in the Underlying Action;

C.    Award Twin City its costs of suit; and

D.    Grant such other and further relief as the Court deems just and proper.

Dated:  July 28, 2026                    WERNER AHARI MANGEL LLP

                                         By:  _____
                                              Stacey Rufe
                                              Virginia Bar No. 42737
                                              Gabriela Richeimer (*pro hac vice* forthcoming)
                                              2112 Pennsylvania Ave NW, Suite 200
                                              Washington, D.C.  20037
                                              Telephone:    (202) 747-5100
                                              Facsimile:    (202) 747-5150
                                              SRufe@wam.law
                                              GRicheimer@wam.law

                                              *Counsel for Plaintiff Twin City Fire Insurance
                                              Company*

- 8 -